# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. JOHNSON, | CASE NO. 1:05-CV-0351-AWI-DLB-P |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST |
| v. | (Doc. 38) |
| M. CRUTCHFIELD, et al., | |
| Defendants. / | |

I.   Findings and Recommendations - Defendants' Motion to Dismiss

   A.   Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed February 14, 2005, against defendants Crutchfield and Burns ("defendants") for retaliation, based on the allegation that defendants removed plaintiff from his prison industry job in retaliation for advising defendants that he intended to file a grievance.  On July 7, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.  Plaintiff filed an opposition to the motion on July 20, 2006 (entitled "Motion and Request that AG Explain Exhibits) and defendants filed a reply on July 27, 2006.[1]  Plaintiff filed a sur-reply on August 9, 2007.

   B.   Exhaustion Requirement

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 3, 2005.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 18.)

1

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated, Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion of the prison's administrative process must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.  Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Defendants argue they are entitled to dismissal of this action because plaintiff failed to exhaust his retaliation claim. Defendants contend that plaintiff submitted three inmate grievances related to his alleged retaliatory job removal, none of which were fully exhausted. Inmate Appeal SCC -04-01376, dated December 10, 2004, describes plaintiff's job loss and alleges it was in reprisal for his filing an appeal. Defendant's Motion to Dismiss, Exhibit A at 002. This appeal was cancelled at the first level, on January 19, 2005 due to plaintiff's failure to cooperate in an interview intended to address the issues of his appeal. Ex. A at 003.

Inmate appeal SCC 05-00020, dated December 22, 2004, again describes plaintiff's job loss and alleges it was in reprisal for filing an appeal relating to a classification decision. Ex. A at 005-24. This appeal was denied at the first level on January 19, 2005. Ex. A. At 007.

Inmate appeal SCC 05-00119, dated January 28, 2005, complained that plaintiff was improperly being deprived of the opportunity to go to work. This appeal appears to have been cancelled on March 2, 2005; however, there is no explanation for the cancellation and there is no attachment to the appeal as indicated. Ex. A. At 025-28. Next in order in defendants' exhibits is a handwritten letter from plaintiff dated January 30, 2005 that is difficult to read and the Court cannot ascertain whether the letter is part of the appeal or a response to the cancellation.

Defendants also submit the Declaration of N. Grannis, Chief of Inmate Appeals Branch who states that a search of the Inmate Appeals Branch database revealed that the Director has not accepted for Director's Level Review, appeals SCC 04-01376, SCC 05-00020 or SCC 05-00119. Defendants' Motion to Dismiss, Exhibit B.

As stated in the preceding section, on an unenumerated 12(b) motion, it is defendant who bears the burden of raising and proving the failure to exhaust. The court finds that defendants have not met their burden. Defendants' evidence demonstrates only that plaintiff did not pursue the appeals to the third-level appeal. The court rejects defendant's argument that exhaustion occurs only after a third-level appeal response is issued. A third-level appeal is not always necessary for exhaustion to occur. In some circumstances, the granting of an inmate appeal at a lower level may satisfy the exhaustion requirement. The court rejects defendants' argument that plaintiff failed to exhaust because there is no record that he filed any third level appeals. The receipt of a Director's

1  Level decision is not always necessary for exhaustion to occur. In some circumstances, the granting
2  of an inmate appeal at a lower level may satisfy the exhaustion requirement. See Clement v.
3  California Dept. of Corr., No. C 00-1860 CW, 2002 WL 31050915, *5 (N.D. Cal. Sept. 9, 2002);
4  Brady v. Attygala, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez v. Winslow, 177
5  F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001). Here, defendants have set forth no argument,
6  supported by evidence or otherwise, that plaintiff failed to file any inmate appeals grieving the facts
7  at issue in those claims at all or that all of plaintiff's inmate appeals were denied at a lower level,
8  necessitating appeals to the third level. Rather, defendants move for dismissal relying on the
9  argument that there is no record that plaintiff pursued appeals concerning those claims to the third
10 level of review and received Director's Level decisions. Absent a showing that plaintiff either failed
11 to appeal at all or failed to file a third-level appeal after receiving a denial at the lower level on all
12 of the relevant appeals, defendants are not entitled to dismissal of this action based on plaintiff's
13 failure to exhaust. The court therefore recommends that defendants' motion to dismiss for failure
14 to exhaust be denied, without prejudice.

   D.   Conclusion

   For the foregoing reasons, the Court finds that defendants have not met their burden as the parties moving for dismissal and therefore their unenumerated Rule 12(b) motion is HEREBY DENIED, without prejudice. The Court HEREBY GRANTS defendants an additional 30 days in which to file a renewed motion to dismiss pursuant to the unenumerated portion of Rule 12(b).

   IT IS SO ORDERED.

   **Dated:   March 16, 2007**              /s/ Anthony W. Ishii
   0m8i78                                   UNITED STATES DISTRICT JUDGE