1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                            EASTERN DISTRICT OF CALIFORNIA

8

9     DAVID B. JOHNSON,                    )    1:05-CV-0351 AWI DLB P
                                           )
10                         Plaintiff,      )    ORDER GRANTING MOTION TO
                                           )    REOPEN CASE
11       v.                                )
                                           )    ORDER ADOPTING FINDINGS AND
12                                         )    RECOMMENDATIONS AND
      M. CRUTHFIELD, et. al.,              )    GRANTING MOTION FOR SUMMARY
13                                         )    JUDGMENT
                           Defendants.     )
14    _____)    [Document #49 and #61]

15

16                                  **BACKGROUND**

17          Plaintiff Antonio Luis Williams ("Plaintiff") is a state prisoner proceeding pro se who

18    filed a civil rights action pursuant to 42 U.S.C. § 1983.   On March 10, 2008, the Magistrate

19    Judge issued Findings and Recommendations that recommended the court grant Defendants'

20    motion for summary judgment.   The Findings and Recommendations contained notice that any

21    objections must be filed within fifteen days.   On March 28, 2008, the court adopted the Findings

22    and Recommendations, and the court granted Defendant's motion for summary judgment.

23          On March 28, 2008, Plaintiff filed objections to the Findings and Recommendations.   On

24    April 11, 2008, Plaintiff filed a motion to re-open his case because it was prematurely closed.

25                                 **MOTION TO RE-OPEN**

26          Motions to reconsider are committed to the discretion of the trial court.   Rodgers v. Watt,

27    722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441

28    (D.C.Cir. 1987).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a

party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."   Rule 59 of the Federal Rules of Civil Procedure allows a motion to alter or amend judgment. Amendment or alteration is appropriate under Rule 59 if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001);  School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   This showing is a "high hurdle", and a judgment is not properly reopened "absent highly unusual circumstances." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).

       In this action, the Findings and Recommendations were issued on March 10, 2008, and Plaintiff had fifteen days in which to file objections.   Given the additional time provided if service of made by mail and the "prisoner mail box rule," by which mail from a pro se prisoner is deemed filed when handed to prison officials for mailing, Plaintiff's objections were timely. Thus, Plaintiff is correct that the court should not have entered judgment without considering his objections.   Accordingly, this action must be re-opened, and the court must review the Findings and Recommendations in light of Plaintiff's objections.

### REVIEW OF FINDINGS AND RECOMMENDATIONS

       The March 10, 2008 Findings and Recommendations recommend that the court grant Defendants' motion for summary judgment.   In the complaint, Plaintiff contends that Defendants retaliated against him by filing a CDC 115 Rules Violation Report.   Plaintiff alleges that when Defendants told him to leave his prison job on December 9, 2004, Plaintiff threatened to file a 602 Inmate Appeal.   Plaintiff claims that Defendants then filed a 115 Rules Violation and removed him from his prison job in retaliation for Plaintiff stating he would file a 602 Appeal.

       "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

2

1  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

2  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

3  legitimate correctional goal."   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

4      The undisputed facts showed that Plaintiff was instructed to turn in his tool pouch,

5  Plaintiff questioned Defendants about why he had to leave, and Plaintiff called the situation

6  "bullshit."   Plaintiff's prior work records state he is "high maintenance" and "requires constant

7  supervision."   The undisputed facts reveal that Plaintiff was issued a general chrono for evading

8  work that warns "further occurrences will result in disciplinary action and or removal from

9  program."   Finally, at the Rules Violation hearing, Plaintiff stated that he was not guilty of work

10 performance problems, and if anything, "it was conduct."   Thus, the undisputed facts show a

11 legitimate penological reason to terminate Plaintiff's prison job – Plaintiff's negative attitude and

12 demeanor.   Plaintiff attempts to create a disputed issue of fact on why Plaintiff was terminated

13 by providing work evaluations finding Plaintiff's work satisfactory, evidence from other inmates

14 that Plaintiff did little, if nothing, improper during the incident on December 9, 2004, and the

15 Rules Violation finding that Plaintiff's disruptive behavior did not cause of work stoppage as

16 alleged in the Rules Violation Report.

17     Plaintiff bears the burden of proving "that there were no legitimate correctional purposes

18 motivating the actions he complains of."   Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995).

19 Plaintiff's conclusory assertion that some of the 115 Rules Violation content was false and that

20 Defendants were retaliating against him for threatening to file a 602 Appeal are insufficient to

21 meet this burden.   Plaintiff admits that he had a disagreement with Defendants about being asked

22 to leave and that if his conduct was inappropriate, it had to do with poor conduct.   When

23 reviewing a retaliation claim, the court must "afford appropriate deference and flexibility to

24 prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged

25 to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).   It is well established that

26 the "[l]egitimate goals of a correctional institution include the preservation of internal order and

27

28                                          3

discipline." <u>Schroeder v. McDonald</u>, 55 F.3d 454, 461 (9th Cir.1995).  The court agrees with the Magistrate Judge that it cannot think of a circumstance in which Plaintiff's admitted conduct would be proper and incapable of supporting Defendants' subsequent actions.   While there may be a disputed issue of fact some of the details of what occurred between Plaintiff and Defendants on December 9, 2004, the evidence is insufficient to meet Plaintiff's burden of demonstrating that defendant's action did not serve a legitimate correctional goal.   In light of Plaintiff's admitted conduct and Plaintiff's previous job record, Plaintiff cannot show Defendants' filing of the 115 Rules Violation  and removing him from his job were without any legitimate correctional purpose.   Given Plaintiff's burden to show "that there were no legitimate correctional purposes motivating" these actions, the presence of evidence showing some legitimate correctional purpose defeat's Plaintiff's claim.   Thus, Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

The court notes that the Magistrate Judge also found that Plaintiff had failed to allege actions that chilled the exercise of his First Amendment rights.   Plaintiff neither alleges nor provides evidence as to how his First Amendment rights were chilled.   The Ninth Circuit has found that if a prisoner fails to allege a chilling effect, it may be possible to show a chilling effect by showing harm that is more than minimal.  <u>Rhodes</u>, 408 F.3d at 568 n.11.  "Alleging harm and alleging the chilling effect would seem under the circumstances to be no more than a nicety." <u>Id</u>.   Here, Plaintiff alleges the loss of a prison job.    It is possible that, under some circumstances,  the loss of a prison job is sufficient harm to satisfy the chilling effect requirement because the lose of a prison job is more than minimal harm.    However, it is not necessary to determine whether Plaintiff has shown a harm that is more than minimal because the undisputed facts reveal that there were some reasons to terminate Plaintiff that advanced a legitimate correctional goal.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a <u>de novo</u> review of this case.  <u>See</u> <u>Britt v. Simi Valley Unified School Dist</u>., 708 F.2d 452, 454

1    (9th Cir. 1983).  Having carefully reviewed the entire file, including the objections, the court finds

2    the Findings and Recommendations' conclusion to be supported by the record.

3                                              **ORDER**

4              Accordingly, the court ORDERS that:

5         1.       Plaintiff's motion to re-open this action is GRANTED and the court opens this

6                  action for the purposes of reviewing the objections, Findings and

7                  Recommendations, and the rest of the file to determine if the Findings and

8                  Recommendations should be adopted;

9         2.       Having completed this de novo review, the March 10, 2008 Findings and

10                 Recommendations are ADOPTED;

11        3.       Defendants' motion for summary judgment is GRANTED; and

12        4.       The Clerk of the Court is DIRECTED to enter judgment for Defendants.

13

14   IT IS SO ORDERED.

15   **Dated:    June 10, 2008**                         _____/s/ Anthony W. Ishii_____
                                                         UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28                                               5